UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH H. TOWER,
    Plaintiff

v.    Civil Action No. 11-30228-KPN

STATE OF NEW YORK,
    Defendant

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)(2)
October 7, 2011

NEIMAN, M.J.

Joseph H. Tower ("Plaintiff"), a Massachusetts resident proceeding *pro se*, has submitted for filing a complaint against the State of New York ("Defendant"). Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* has been granted pursuant to subsection (a) of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. However, for the reasons indicated below, this court believes that this action should be summarily dismissed and will so recommend to the district judge to whom this case will be reassigned.

The *in forma pauperis* statute requires the court to dismiss an action brought thereunder if the court determines that the action is "frivolous" or "fails to state a claim

on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *Accord* 28 U.S.C. § 1915A(b)(1) (same standards for prisoner petitions). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that a claim "is frivolous where it lacks an arguable basis either in law or in fact"). This is just such a case.

Plaintiff, who does not refer to any particular statute or provision, argues that, while incarcerated for an unspecified reason, he was beaten by a correctional officer at the Coxsackie Correctional Facility in Coxsackie, New York. There also appears to be an allegation that at some point he was questioned by an FBI agent who allegedly held him for longer than he believes allowed. Finally, Plaintiff includes a vague claim that the State of New York abused its power, apparently by incarcerating him.

Although there is some question whether a court may deny leave to proceed *in forma pauperis* solely on the ground of improper venue, the complaint reveals that only the Northern District of New York, which encompasses Coxsackie, New York has any substantial connection to Plaintiff's claims. Moreover, all of the individual defendants, as well as the Coxsackie Correctional Facility, appear to be located in the Northern District of New York. Because the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed," it is recommended that Plaintiff's complaint be dismissed without prejudice to refiling in an appropriate forum, *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). *See* 28 U.S.C. § 1931(b); *see also Snider v. Frasier, Frasier & Hickman, LLP*, 2010 U.S. Dist. LEXIS 95187, No. 3:10-0031, at * 2-3 (M.D. Tenn. Aug. 11, 2010) (dismissing a *pro se, in forma pauperis* filing based on improper venue because courts have "no jurisdiction to vary from the mandatory terms of the venue statutes."); *but see Anger v. Revco Drug*

2

*Co.*, 791 F.2d 956, 957 (D.C. Cir. 1985) (concluding that "improper venue indicated on the face of the complaint was not sufficient cause to refuse to permit plaintiffs to proceed *in forma pauperis*.").

Of course, since Plaintiff is a *pro se* litigant, his pleadings must be construed liberally. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, the instant action, in this court's opinion, fails to state a claim upon which relief may be granted in this forum. Therefore, the court recommends that the complaint be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).[1]

DATED: October 7, 2011

                                                                           /s/  Kenneth P. Neiman
                                                                           KENNETH P. NEIMAN
                                                                           U.S. Magistrate Judge

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. See *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). See also *Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).